# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MOLIERE DIMANCHE, JR., #X56765**

 **Plaintiff,**

**vs.**             **Case No. 4:13cv351-MW/CAS**

**MARK ANDERSON, et al.,**

 **Defendants.**
_____/

## AMENDED REPORT AND RECOMMENDATION

  On August 8, 2013, a report and recommendation was entered to deny Plaintiff's motion for in forma pauperis status and dismiss the amended complaint pursuant to 28 U.S.C. § 1915(g).  Doc. 12.  Plaintiff filed an objection to the report and recommendation, doc. 14, and the case has been remanded for consideration of issues raised therein.  Doc. 15.

  The recommendation for dismissal was based on the fact that Plaintiff has accumulated three "strikes" under § 1915(g) and because Plaintiff did not clearly and honestly complete disclose those dismissals on the complaint form.  In response to question D, which asks whether Plaintiff has "ever had any actions in federal court

dismissed as frivolous, malicious, failing to state a claim, or prior to service," Plaintiff listed one case, and in doing so, failed to properly identify the case.[1]

Plaintiff has now filed objections, which will be considered as a motion for reconsideration, doc. 14, in which Plaintiff disputes the finding that he has accumulated three strikes. The cases previously found to be strikes are case number 4:11cv533-SPM/CAS; case number 5:10cv377; and case number 6:10cv1934.

Plaintiff's first dispute is with the listing of case 5:10cv377. Doc. 14. Plaintiff contends that "Defendant Cromwell only survived the Eighth Amendment claims due to qualified immunity." *Id.* Plaintiff argues that "[b]ecause of this specific basis for denying these Constitutional claims, this case cannot count as a strike pursuant to PLRA." *Id.* Plaintiff further argues that "[i]f no claim was sufficiently stated, the qualified immunity defense would not have been necessary." Doc. 14 at 1. Plaintiff is not correct.

Dismissal of case number 5:10cv377, filed in the Middle District of Florida, Ocala Division, occurred on April 30, 2012, when Defendant Cromwell's motion to dismiss was granted. At the beginning of the Order, United States District Judge Terrell Hodges stated, "After reviewing the pleadings submitted by both parties in support of their positions, the Court finds that Plaintiff has failed to state a claim against Defendant." Doc. 24, p. 1, case number 5:10cv377. Judge Hodges proceeded to address Plaintiff's separate Eighth, Fourth, Fourteenth, and Fifth Amendment claims. The Order stated

---

[1] Although Plaintiff listed two more cases in an attached page, he did not specifically identify whether the cases listed were in response to question C or D. The first case listed, case number 4:12cv267, would appear to be applicable to question C because Plaintiff stated it was still pending. Doc. 10 at 6. Judicial notice is taken that claims against many of the defendants in that case were dismissed for failure to state a claim, but Plaintiff is correct that the case is currently pending as to other defendants and claims. That case should have been identified as responsive to question C.

that "Plaintiff's Eighth Amendment claims against Cromwell fail as a matter of law because Plaintiff cannot show an underlying constitutional violation, and Cromwell is entitled to qualified immunity on these claims." Doc. 24 at 10, case number 5:10cv377. At the beginning of analysis of the Fourteenth Amendment claim, the Order stated: "Plaintiff makes no specific allegations to support this claim, and to the extent Plaintiff insists that he was denied due process because he did not receive bail after the Lake County arrest, the claim is meritless." *Id.* The court also pointed out that Plaintiff's claim "most closely resemble[d] a" malicious prosecution claim, and after analysis, concluded that Plaintiff "cannot establish a violation of the Fourth Amendment" and did not state a claim for malicious prosecution." *Id.* at 10-12. The Order stated that "Plaintiff's Fourteenth and Fourth Amendment claims against Cromwell fail as a matter of law because Plaintiff cannot show an underlying constitutional violation, and Cromwell is entitled to qualified immunity on these claims." *Id.* at 12. Finally, the court found that Plaintiff's "separate arrests for burglary and dealing in stolen property do not implicate double jeopardy concerns," and, thus, "Cromwell did not violate Plaintiff's Fifth Amendment rights by seeking to execute separate warrants on these charges." *Id.* at 13. The Order stated that "Plaintiff's Fifth Amendment claim against Cromwell fails as a matter of law because Plaintiff cannot show an underlying constitutional violation, and Cromwell is entitled to qualified immunity on this claim." *Id.* Accordingly, the conclusion reached on all claims was that Plaintiff failed to present an underlying constitutional claim, that is the equivalent of failure to state a claim. The fact that the court also noted that Defendant Cromwell was entitled to qualified immunity was superfluous because

there was no constitutional claim.[2]  Plaintiff is correct in asserting that the qualified immunity defense was "unnecessary," see doc. 14 at 1, as Judge Hodges' Order makes clear on each and every claim that Plaintiff's claims failed to state a claim.  Plaintiff is not correct, however, that the dismissal of that case should not count as a strike.  Because the complaint failed to state a claim on which relief could be granted, a basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii),[3] it is a strike.  Moreover, Plaintiff filed a notice of appeal, doc. 26, of the Order of dismissal, doc. 24.  On January 31, 2013, the Eleventh Circuit Court of Appeals held that Plaintiff's appeal was "frivolous."  Doc.

---

[2] Qualified immunity shields a government official from suit if "his conduct did not violate a clearly established constitutional right of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), cited in Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1198 (11th Cir. 2012).  Courts use a "two-part framework to evaluate qualified immunity defenses."  Grider v. City of Auburn, Ala., 618 F.3d 1240, 1254 (11th Cir. 2010).  "One inquiry in a qualified immunity analysis is whether the plaintiff's allegations, if true, establish a constitutional violation."  Hope v. Pelzer, 536 U.S. 730, 736, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002) (citing Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001)).  A second inquiry, if the facts show that a constitutional right has been violated, considers "whether the right violated was 'clearly established.' " Saucier, 533 U.S. at 201, 121 S.Ct. at 2156.  Although both elements of the test must be met for a defendant to be entitled to qualified immunity, Saucier's two-pronged analysis may be done in whatever order is deemed most appropriate for the case."  Pearson v. Callahan, 555 U.S. 223, 239, 129 S.Ct. 808, 820-21, 172 L.Ed.2d 565 (2009) (noting "there will be cases in which a court will rather quickly and easily decide that there was no violation of clearly established law before turning to the more difficult question whether the relevant facts make out a constitutional question at all."); Brown v. City of Huntsville, 608 F.3d 724, 734 (11th Cir. 2010).  Where there is a finding that the complaint failed to allege the violation of a constitutional violation at all, there is no need to proceed further an determine whether the right was clearly established because the complaint fails to state a claim.

[3] 28 U.S.C. § 1915(e)(2)(B)(iii) directs the court to dismiss a case if it is determined that the action "seeks monetary relief against a defendant who is immune from such relief."  Such a dismissal counts as a "strike" under § 1915(g).

36 of case number 5:10cv377. The dismissal of Plaintiff's appeal also counts as a strike. Thus, Plaintiff received two strikes in the dismissal of that one case.

Plaintiff's second argument is that the District Court in the Gainesville Division of this District "did not count case 5:10cv377 as a strike because it does not qualify as one." Doc. 14 at 1. Plaintiff points to case number 4:12cv267 in support of that assertion and contends he "survived an order to show cause" and was granted in forma pauperis status because Middle District case number 5:11cv377 is not a strike. *Id.* Plaintiff's argument, however, is not accurate.

In case number 4:12cv267, Magistrate Judge Gary Jones entered an Order to Show Cause because "Plaintiff failed to list a civil rights case he previously filed in the Middle District of Florida that was dismissed as frivolous (Case No. 5:10cv377)." Doc. 4 at 2. Judge Jones also noted that Plaintiff had filed another case in this District, 4:11cv533, in which he also failed to make that disclosure. Doc. 4. Plaintiff responded to the order and explained that "he was in no way attempting to mislead the Court." Doc. 5. Plaintiff said he "exercised bad judgment by utilizing a Complaint that was drafted before he had any knowledge of the ruling in case 5:10cv377." *Id.* at 1. Plaintiff additionally addressed the Court's statement that the case was dismissed as frivolous and said "it was actually determined that the Defendant was entitled to qualified immunity on several of the Plaintiff's claims." Doc. 5 at 2. Plaintiff, thus, argued he had demonstrated good cause for not dismissing his case "for failure to list case 5:10cv377" by getting "ahead of himself by pre-drafting his Complaint . . . ." *Id.* at 3. After review of Plaintiff's response, Plaintiff's in forma pauperis motion was granted and he was permitted to proceed with the case. Doc. 6. Importantly, the issue raised in case

number 4:12cv267 was Plaintiff's failure to disclose that he had filed case number 5:11cv377, not whether the case counted as a "strike" under § 1915(g).

Plaintiff's third argument is that case number 4:11cv533 was also incorrectly counted as a strike. Doc. 14 at 1-2. Plaintiff contends that the case should not be counted as a strike because the Eleventh Circuit Court of Appeals specifically held in 2012 that Plaintiff's appeal was not frivolous and, moreover, appointed counsel to argue the merits of Plaintiff's appeal. Plaintiff contends the "case cannot possibly be counted as a strike without completely undermining the stance taken by the Eleventh Circuit Court of Appeals." *Id.* at 2.

A report and recommendation was entered in case number 4:11cv533 on May 21, 2012. Doc. 81. Over Plaintiff's objection, doc. 82, his amended complaint was dismissed on June 7, 2012, "for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)." Doc. 83. The docket for that case reveals that Plaintiff filed a notice of appeal, doc. 85, and a motion for leave to appeal in forma pauperis, doc. 91. That motion was denied on August 8, 2012, by United States District Judge Stephan Mickle, finding that Plaintiff's appeal was "not taken in objective good faith." Doc. 94. The docket for the Eleventh Circuit indicates that Plaintiff filed his own pro se "Appellant's Reply Brief" on February 15, 2013, case number 12-13694, but on July 16, 2013, attorney Thomas A. Burns was added to represent Plaintiff/Appellant. Thus, as of July 16, 2013, counsel was appointed, the case was classed for oral argument, and counsel was directed to file an additional reply brief by August 26, 2013, a date which has now been extended to September 25, 2013.

Several circuits have held that a dismissal by a district court should not be counted as a strike if that dismissal is appealed and the appeal is pending. Thompson v. Drug Enforcement Admin., 492 F.3d 428, 439 (D.C. Cir. 2007) (holding that "a dismissal does not become a strike until an appeal thereof has been resolved or waived"); Davis v. Kyle, Case No. 08-40530, 318 F. App'x 269, 270 (5th Cir. Mar. 27, 2009) (holding that a dismissal as frivolous "may not be counted as a strike for purposes of § 1915(g) until the appellate process has been exhausted or waived."), *citing* Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996) (concluding "[a] dismissal should not count against a petitioner until he has exhausted or waived his appeals"); Lopez v. U.S. Dept. of Justice, 228 F. App'x 218, 219 (3rd Cir. Apr. 25, 2007) (stating "[a] dismissal does not qualify as 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waive his or her appellate rights."), *citing* Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999). In accordance with those holdings, and upon Plaintiff's recent showing in the motion for reconsideration, doc. 14, it now appears that the dismissal in case number 4:11cv533 should not be counted as a strike because Plaintiff's appeal is pending. Plaintiff would have benefitted[4] himself by indicating when listing his cases in the amended complaint that an appeal was pending in that case.

Notwithstanding that case number 4:11cv533 will not count as a "strike" under § 1915(g), Plaintiff still had accumulated three strikes by the time this case was initiated in June 2013. As noted above, case number 5:10cv377 is a strike as it was dismissed

---

[4] Plaintiff also made the three strikes determination more complicated by failing to clearly list more than one case as a response to question D.

in 2012 for failing to state a claim and the dismissal of Plaintiff's appeal as frivolous on January 31, 2013, counts as a second strike. As noted in the original report and recommendation, doc. 12, case number 6:10cv1934 was dismissed in the Middle District of Florida on January 7, 2011. Dismissal was entered there because a judge (defendant Latimore) has absolute judicial immunity, and because the complaint was frivolous as to the other two defendants (Broadus and Gardner). That dismissal counts as Plaintiff's third "strike" under reasons listed in § 1915(e)(2)(B).

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has had three such dismissals as noted above, and Plaintiff's various allegations in this case do not entitle him to proceed with in forma pauperis status.

Plaintiff does not bring this case solely to assert he is in danger of physical injury; rather Plaintiff includes that allegation along with a myriad of other claims. The list of Plaintiff's claims, in the order presented by Plaintiff, is for due process violations and the denial of the right to petition the government for redress of grievances, threats of destruction of property for filing grievances, infringement of the right to access the courts, the denial of medical care when Plaintiff's medication was confiscated. Plaintiff then concludes his list with a claim of fabricated disciplinary reports, physical torture,

and allegations that an officer attempted to poison Plaintiff and have another inmate cut him. In Plaintiff's requests for relief, he seeks monetary damages, hand-written apologies, "injunctions" such as the installation of audio monitoring in Florida prisons, criminal charges against Defendants for interference with the United States Postal Service, and to be transferred to a prison closer to Plaintiff's home or release from prison.[5] Doc. 10.

In the motion for reconsideration, Plaintiff asserts that "it is blatantly obvious that the Plaintiff is in imminent danger, and extremely serious physical harm." Doc. 14 at 2. Plaintiff contends that his allegations sufficiently reveal he is in imminent danger. *Id.*

Although Plaintiff has included allegations of threats of physical injury, Plaintiff did not specifically claim in the complaint that he is in "imminent danger" of any serious physical injury. Rather, Plaintiff's case is a laundry list of various complaints and grievances in the recent past,[6] and the vast majority of these claims are unrelated to any specific threat of physical injury and do not demonstrate future harm. Should Plaintiff believe that pursuing a case permitted by the § 1915(g) exception is warranted, Plaintiff could initiate a new case in which he states clearly at the outset the basis for the case and presents plausible claims showing that he is in imminent danger of serious physical injury. The § 1915(g) exception, however, should not be permitted when a case presents a myriad of alleged injustices and insults, non-specific threats,

---

[5] Release from prison is not possible in a civil rights action. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).

[6] Plaintiff's complaint was filed on July 31, 2013, and concerns events ranging from June 7, 2013, up to July 24, 2013. It is doubtful that all of these incidents could be exhausted through the prison's grievance system.

and alleged violations of numerous rights. Plaintiff does not limit the list of Defendants to persons who have made specific threats to physically harm him and, indeed, the Secretary of the Department of Corrections is not physically located with Plaintiff. To permit this case to proceed and grant in forma pauperis status to Plaintiff would allow non-exempt claims to continue. The exception of § 1915(g) should be limited to the exceptional claim of "serious physical harm" and not provide an end-run around the statute to include all desired claims. Thus, Plaintiff's motion proceed in forma pauperis, doc. 2, should be denied, and this action dismissed because Plaintiff is not entitled to in forma pauperis status under § 1915(g). Dismissal should be without prejudice such that Plaintiff could file a new complaint in which he presents all of these same allegations, but he must pay the full $400.00 filing fee at the time of filing the complaint. Alternatively, Plaintiff may initiate a new case limited only to the claim that he is under imminent danger of serious physical injury, and limited to the relevant Defendants.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that Plaintiff's amended complaint, doc. 10, be **DISMISSED without prejudice,** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on August 23, 2013.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:13cv351-MW/CAS